# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

JAMES MCCOY                                                        PETITIONER

v.                                                           No. 3:18CV66-SA-RP

WARDEN LEPHER JENKINS, ET AL.                        RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of James McCoy for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Mr. McCoy has responded to the motion, and the State has replied. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

### Facts and Procedural Posture

James McCoy pled guilty to two counts of armed robbery on November 14, 2007, and was sentenced to *concurrent* terms of thirty years on each count with five years of each count suspended and five years post-release supervision. *See* Exhibit A[1] (Order (Incarceration and Post Release Supervision)), Union County Circuit Court, Cause No. UK 2006-171-A). Mr. McCoy filed a Motion for Post Conviction Relief in the trial court on February 9, 2009, which the trial court denied. *See* Exhibit B (Order Denying Relief Requested, Union County Circuit Court, Cause No. UK 2006-171-A). Mr. McCoy appealed the denial, and the Mississippi Court of Appeals reversed the trial court's denial of McCoy's Motion for Post-Conviction Relief,

---

[1] The exhibits referenced in the instant memorandum opinion may be found attached to the State's motion to dismiss.

remanding the matter for an evidentiary hearing regarding whether he relied on erroneous information about his eligibility for parole and whether trial counsel was ineffective for erroneously advising him on the matter. *See* Exhibit C; *McCoy v. State*, 47 So. 3d 1197, 1199, (¶¶ 7-10) (Miss. Ct. App. 2010).

The trial court granted Mr. McCoy's Motion for Post-Conviction Relief, set aside his guilty plea, and set trial for November 15, 2011. *See* Exhibit D (Order Granting Post-Conviction Relief and Order of Setting, Union County Circuit Court, Cause No. UK 2006-171-A). A jury found him guilty on two counts of armed robbery. *See* Exhibit E (Jury Verdict, Union County Circuit Court, Cause No. UK 2006-171-A). The trial court[2] sentenced him to serve two (2) *consecutive* thirty-five (35) year sentences, with thirty (30) years to serve on each and five (5) years suspended on each – a total of 60 years' incarceration without the possibility of parole. *See* Exhibit F (Sentencing Order, Union County Circuit Court, Cause No. UK 2006-171-A). The trial court also ordered that McCoy be placed on five (5) years post-release supervision upon his release and must pay all court costs, as well as restitution to the victims in the amount of $4,600.00. *Id.* Mr. McCoy appealed, and the Mississippi Supreme Court affirmed his convictions and sentences on September 18, 2014. *See* Exhibit G; *McCoy V. State*, 147 So. 3d 333 (Miss. 2014). He did not seek rehearing. *Id.* According to the docket of the United States Supreme Court, available on that Court's website, Mr. McCoy did not seek a writ of *certiorari* in the Supreme Court.

---

[2] A different judicial officer imposed the post-trial sentence than the one who imposed the sentence after the guilty plea.

On October 11, 2017, he filed an Application for Leave to Proceed in the Trial Court and Motion for Post-Conviction Relief that was stamped "Filed" in the Mississippi Supreme Court on October 16, 2017. *See* Exhibit H. The Mississippi Supreme Court denied the Application and Motion for Post-Conviction Relief on January 10, 2018, holding the grounds to be untimely, barred by *res judicata*, waived, or lacking arguable merit. *See* Exhibit I.

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Mr. McCoy's conviction and sentence became final on Wednesday, December 17, 2014, ninety (90) days after his conviction was affirmed by the Mississippi Supreme Court (September 18, 2014 + 90 days). *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (state conviction becomes final at the end of direct review or when the deadline for such review expires.) Thus, his initial deadline for seeking federal *habeas corpus* relief became December 17, 2015 (December 17, 2014 + 1 year).

Mr. McCoy did not file a proper application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) on or before that deadline; as such, he does not enjoy statutory tolling of the federal *habeas corpus* limitations period.[3] *See Flanagan*, *supra*; *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). Thus, Mr. McCoy's federal *habeas corpus* petition remained due in this court by Thursday, December 17, 2015.

## Equitable Tolling

Mr. McCoy argues in his response to the State's motion to dismiss that he is entitled to equitable tolling because the federal one-year *habeas corpus* limitations period does not begin to run until the three-year state deadline expires. Doc. 8 at 3-4. However, as the State argues in its reply, the law does not operate in that fashion. Instead, the one-year federal limitations period

---

[3] Because the Mississippi Supreme Court denied Mr. McCoy's Motion for Post-Conviction Relief as untimely, it is not a properly filed application under 28 U.S.C. § 2244(d)(2). *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (holding that "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of 2244(d)(2)." (internal citation omitted)).

In addition, his application for state post-conviction collateral relief was submitted *after* December 17, 2015 (the date that the federal *habeas corpus* limitations period expired); as such, he is not entitled to statutory tolling under § 2244(d)(2) while his state application was pending.

begins to run the moment a defendant's conviction becomes final – and keeps running until the petitioner properly files a direct appeal of that conviction or a post-conviction challenge. *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Thus, until the petitioner files a state application for post-conviction relief, the state and federal clocks run simultaneously. In other words, the one-year federal *habeas corpus* limitations period can expire before the state three-year post-conviction relief period does.

As discussed above, Mr. McCoy's deadline for seeking federal *habeas corpus* relief expired on December 17, 2015, and he did not sign his state application for post-conviction collateral relief until February 28, 2018, over two years later. Hence, in the absence of equitable tolling, Mr. McCoy's federal petition was untimely filed.

"The doctrine of equitable tolling preserves a [petitioner's] claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir.2000) (per curiam) (internal quotations omitted). The one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2255(f) is not jurisdictional; thus, it is subject to equitable tolling. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir.2002). For this reason, a district court may toll the AEDPA limitations period. *Id.* at 229–30.

The decision whether to apply equitable tolling turns on the facts and circumstances of each case. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.2000); *see also Alexander v. Cockrell*, 294 F.3d 626, 628 (5th Cir.2002) (per curiam). However, a court may apply equitable tolling only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th

Cir.1998); *see also Minter v. Beck,* 230 F.3d 663, 666–67 (4th Cir.2000) ("[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

The petitioner bears the burden of establishing that equitable tolling is warranted. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). In order to satisfy his burden, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion. *Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007). A petitioner's delay of even four months shows that he has not diligently pursued his rights. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001)

Mr. McCoy has not shown that he is entitled to equitable tolling of the federal limitations period in this case. He has not identified any extraordinary circumstances which might trigger equitable tolling, and he has not explained the two-year delay in filing his federal petition for a writ of *habeas corpus*, nor why he failed to file his state post-conviction application in a timely fashion. As such, he is not entitled to equitable tolling, and his federal *habeas corpus* deadline remains December 17, 2015.

**The Instant Petition Is Untimely**

Under the prison "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d

- 6 -

1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on February 28, 2018, and the date it was received and stamped as "filed" in the district court on March 20, 2018. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed over two years after the December 17, 2015, filing deadline. For these reasons, the State's motion to dismiss will be granted, and the instant petition for a writ of *habeas corpus* will dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 14th day of January, 2019.

/s/ Sharion Aycock
U. S. DISTRICT JUDGE